IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:CR-02-242** |
| | : | |
| **v.** | : | |
| | : | |
| **CHRISTOPHER MORNAN** | : | |

# M E M O R A N D U M

## I. Background

Before the court is a motion filed by Defendant pursuant to 28 U.S.C. § 2255. The Government has filed a response to which Defendant has replied. On April 4, 2008, a hearing was held on two issues raised in the motion as well as the presentation of oral argument on issues raised in Defendant's reply brief. The procedural history of this case is adequately set forth in the briefs of the parties and will not be repeated herein.

Defendant sets out four broad categories in which he claims that his counsel was ineffective: (1) at trial; (2) on direct appeal; (3) at sentencing; and (4) failure to discuss plea ramifications. The Government identified each claim in its response and are paraphrased as follows:

1.  Trial counsel rendered ineffective assistance by not presenting evidence regarding the outcome of the Canadian prosecution of coconspirator Leslie Card.

2.  Trial counsel rendered ineffective assistance by failing to investigate the purposed lack of investigative evidence from Canadian authorities implicating Defendant in the offense.

3.  Trial counsel rendered ineffective assistance by not presenting evidence that Jeff Bruyea was

purportedly a real person having no ties to Defendant and targeted by Canadian authorities.

4.    Trial counsel rendered ineffective assistance by not presenting evidence that Defendant ostensibly was engaged in a legitimate business known as "Carousel Multi-Snacks."

5.    Trial counsel rendered ineffective assistance by purportedly not cross-examining extensively the witnesses whose testimony was presented by video link, nor by not insisting upon their live presence at the trial.

6.    Trial counsel rendered ineffective assistance by not objecting on hearsay grounds to testimony by the case agent regarding information provided him by a Florida newspaper concerning contact information for the source of an advertisement for Crown Financing.

7.    Trial counsel rendered ineffective assistance by not objecting on hearsay grounds to Canadian fraud investigator Dermot Jennings's testimony regarding several government exhibits admitted without formal authentication pursuant to paragraphs 10, 11 and 12 of the court's practice order.

8.    Trial counsel rendered ineffective assistance by not objecting on hearsay grounds to a non-responsive answer by victim Angela Routian regarding her telephone call to the newspaper that ran one of Defendant's advertisements.

9.    Trial counsel rendered ineffective assistance by not objecting on hearsay grounds to testimony of York Newspaper Company billing supervisor Wanda Wise that her newspaper discontinued Defendant's advertisement because a customer complained that the advertisement was fraudulent.

10.    Trial counsel rendered ineffective assistance by not objecting on hearsay grounds to Postal Inspector Michael Hartman's summary testimony recounting statements Defendant made to Toronto police at the time of the June 23, 1998 search, which statements had already been admitted into evidence as part of Government Exhibit 25.

11.    Trial counsel rendered ineffective assistance by purportedly not objecting on hearsay grounds to the

use of Althea Burton's sworn deposition, when in fact counsel did object, and where the court permitted use of prior inconsistent statements contained in the deposition under Fed. R. Evid. 801(d)(1)(A), and the Third Circuit upheld the court's ruling in Defendant's first appeal.

12.   Trial counsel rendered ineffective assistance by not objecting to Inspector Hartman's testimony as a summary witness, and appellate counsel rendered ineffective assistance by not asserting this as error on appeal.

13.   Trial counsel rendered ineffective assistance by not objecting to purported lack of venue, where the 12 victims of Defendant's telemarketing fraud named in the superseding indictment resided in the Middle District of Pennsylvania, were drawn in to the fraudulent scheme by advertisements placed in Middle District newspapers, and forwarded their advance fee payments by mail or wire from their residences in the Middle District.

14.   Trial counsel rendered ineffective assistance by purportedly refusing to allow Defendant to testify.

15.   Appellate counsel rendered ineffective assistance by not asserting on appeal that the prosecution engaged in purported misconduct consisting of obtaining fingerprints and a signature from Defendant without counsel and discussing the case with Defendant without counsel.

16.   Appellate counsel rendered ineffective assistance by not asserting on appeal that the prosecution engaged in purported misconduct consisting of asking leading questions of Government witnesses during their video-link testimony and at trial.

17.   Appellate counsel rendered ineffective assistance by not asserting on appeal that the use of inconsistent statements in Althea Burton's sworn deposition pursuant to Fed. R. Evid. 801(d)(1)(A) violated Defendant's Fifth Amendment right of confrontation.

18.   Appellate counsel rendered ineffective assistance by not asserting on appeal that evidence relating to Icon Cheque Cashing Services, Inc., was improperly admitted under Fed. R. Evid. 403 and 404(b).

19.   Appellate counsel rendered ineffective assistance by not asserting on appeal that the Government's use of summary charts at trial was improper.

20.   Appellate counsel rendered ineffective assistance by purportedly not asserting on appeal that expert handwriting evidence was improperly admitted under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), where appellate counsel did, in fact, make such an assertion on appeal and the Third Circuit upheld the admission of evidence.

21.   Counsel rendered ineffective assistance at Defendant's resentencing by failing to advise the court that Leslie Card, ostensibly the mastermind of the scheme, had received a term of only eight months' imprisonment from a Canadian court.

22.   Counsel rendered ineffective assistance at resentencing by purportedly not filing a sentencing memorandum or addressing applicable factors under 18 U.S.C. § 3553(a).

23.   Trial counsel rendered ineffective assistance by purportedly not discussing the ramifications of a purported plea offer with Defendant.

(Paraphrased from the Government's Response at pp. i-iv.)

This court has thoroughly reviewed the trial testimony and the briefs of the parties. The Government's response to Defendant's motion filed pursuant to 28 U.S.C. § 2255 is adopted by the court in its entirety on all issues raised except that this court will supplement the following issues identified above: issue 12 – the summary testimony of Inspector Hartman; issue 14 – refusal to allow Defendant to testify; and issue 23 – failure to disclose ramifications of plea offer.

## II. Discussion

### A. Issue 12 – Summary Testimony of Inspector Hartman

Defendant claims that Inspector Hartman's summary testimony relied upon hearsay testimony. The testimony relied upon was from witnesses identified as

Legros, Mohammed, Vorabieva, Fulfit, Thanner and Burton.  All of these people either testified in person or by video deposition; hence, this testimony is part of the record and was before the jury.

The testimony Defendant summarized connecting the various business entitles involved in the fraud was supported by documents obtained from the Ontario Business Names Registration and was all entered into evidence.

Inspector Hartman has a background in accounting, and is a Certified Public Accountant.  He is a certified fraud examiner and has ten years specializing in cross-border telemarketing fraud investigations.  His testimony was admissible and appropriate to aid the jury in navigating its way through a maze of corporate entities and the operation of the fraud.  The court did not give limiting instructions at the time of the presentation of the summary testimony; however, the Government refers to portions of the jury charge where this court cautions the jury in analyzing the evidence.  Hartman's testimony was not improper.

### B.  Issue 14 – Refusing to Allow Defendant to Testify

At the hearing held on April 4, 2008, Defendant and his trial counsel, Joshua Lock, testified.  Defendant testified on direct as follows: "He didn't want me to testify.  No."  (Transcript of April 4, 2008 Hearing on 2255 Motion ("Tr. of 2255 hearing") at p. 5 (emphasis added).)  Defendant testified on cross as follows:

> Q    Now as I understand your testimony, Mr. Lock never told you, you could not testify, did he?
>
> A    He told me he didn't want me to testify.  He wasn't going to let me testify.
>
> Q    Well, you just said two different things.  Did he tell you he didn't want you to testify?
>
> A    His exact words were, I'm not gonna let you testify.  That's his words.

(Tr. of 2255 Hearing at 19.)

5

Attorney Lock testified as follows:

Q    Now the Defendant has also testified that you told him you were not going to let him take the stand, I believe were his words.  How do you respond to that?

A    I have never said that to any of the thousands of clients that I have represented in 36 and a half years.

(Tr. of 2255 Hearing at p. 44.)

Q    I believe we were talking about the Defendant's decision whether or not to testify and your various discussions with him about whether he would testify.  Did he express a desire to you to testify in this case?

A    He did not. Although, I must admit, I cannot sit here and remember precisely why he did not.  But from the beginning, he was not going to testify.

Q    Those were his decisions, is that correct?

A    Those are always the client's decisions, and they were his decisions in this case.

(Tr. of 2255 Hearing at p. 46.)

Mr. Lock has been known by this judge for over 30 years.  His reputation as an excellent criminal defense lawyer is well known as is his veracity and forthrightness.  This court accepts the testimony of Mr. Lock and finds that Defendant was not prevented from testifying.

Defendant testified at the 2255 hearing that he wanted to testify to refute Inspector Jennings' testimony at trial, that Jennings was confused and was talking about someone else in his testimony.  A review of Jennings' testimony at trial shows that Jennings tied Mornan into the fraud.  In fact, at least four people identified Mornan from a photo array as a person involved in the fraud.  (Trial Transcript at p. 424-430.)  Thus, even if Defendant had testified, he could not have refuted Jennings testimony.

6

## C.  Issue 23 – Failure to Disclose Ramifications of Plea Offer

Defendant, in his direct testimony at the 2255 hearing, admitted a plea agreement was discussed with him.  (Tr. of 2255 Hearing at p. 9.)  Mr. Lock testified to a proposed plea agreement which tracks Mornan's recollection.  (Tr. of 2255 Hearing at p. 43.)  According to attorney Lock, Defendant was not willing to plead guilty under any circumstances.  (Tr. of 2255 Hearing at p. 44.)

It appears that Defendant is saying he did not receive adequate information as to what his guideline sentence would be if found guilty at a trial.  He claims attorney Lock told him three to five years.  (Tr. of 2255 Hearing at p. 11.)  This was allegedly told to him one afternoon when attorney Lock left the golf course and came to the Dauphin County Prison.  Yet, attorney Lock testified that he does not play golf.  ((Tr. of 2255 Hearing at p. 46.)

Attorney Lock testified that he always does a preliminary guideline calculation, well in advance of trial, so that "everybody knows what the down side risk is.  You can't make an informed decision about whether to go to trial unless you know what the consequences of an adverse outcome are."  (Tr. of 2255 Hearing at p. 39.)  Mr. Lock knew that the conspiracy charge carried a maximum penalty of five years.  He also remembered that mail and wire fraud carried a higher penalty.  Counsel for the Government questioned attorney Lock further:

> Q     Now based on all of these facts, did you, in your own mind, entertain any thought that the Defendant, if he did not plead guilty, expose himself to only three to five years of incarceration?
>
> A     To be honest with you, I don't know.

(Tr. of 2255 Hearing at p. 42.)  Attorney Lock then went on to explain his response.  Of significance is the fact that he did not think there is a 36 to 60 month range in the

7

guidelines.  He also knew the sentence would be impacted by the losses.  (Tr. of 2255 Hearing at p. 9.)

Furthermore, it is not conceivable that attorney Lock would tell Defendant if he lost at trial that he would only receive a three to five year sentence when the proposed plea agreement offered him a three year sentence.  It is this court's finding that Defendant knew of the terms of the plea agreement and the consequences of a negative verdict.  Defendant was determined to go to trial.

The claim that counsel was ineffective for not discussing the ramifications of a plea agreement offer with Defendant is without any basis.

## III.  Conclusion

For the reasons stated above and the arguments set forth in the Government's responsive brief, this court finds that all counsel were not incompetent.  An appropriate order will be issued.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  June 26, 2008.

8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


**UNITED STATES OF AMERICA**  :  **CRIMINAL NO. 1:CR-02-242**
:
:
**v.**  :
:
:
**CHRISTOPHER MORNAN**  :


# O R D E R


In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

    1) Defendant's motion filed pursuant to 28 U.S.C. § 2255 is **DENIED**.

    2) The Clerk of Court shall close the file.

    3) This court declines to issue a certificate of appealability.


                  s/Sylvia H. Rambo
                  SYLVIA H. RAMBO
                  United States District Judge

Dated: June 26, 2008.